UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION


FILED
JUN 0 6 2011
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) Cause Nos. | 1:11-CR-0027-JMS-KPF |
| | ) | 1:11-CR-0033-JMS-KPF |
| DAVID RYAN BOSTIC, | ) | |
| Defendant. | ) | |

### STIPULATED FACTUAL BASIS

The Government, by and through Joseph H. Hogsett, United States Attorney, and Steven D. DeBrota and A. Brant Cook, Assistant United States Attorneys, and the Defendant, DAVID RYAN BOSTIC, by counsel, William Marsh, file this Stipulated Factual Basis of the Parties:

On November 17, 2010, a search warrant issued by the United States District Court for the Southern District of Indiana was executed by the Federal Bureau of Investigation and state and local law enforcement partners at the Indiana residence of David Ryan Bostic, the Defendant. During the execution of the search warrant at his residence, the Defendant consented to an interview regarding his possession and distribution of child pornography as well as his extensive trafficking in this material with other persons through the Internet. The Defendant admitted to searching for, possessing, downloading, and distributing child pornography through multiple means and methods. The Defendant also admitted to producing child pornography on multiple occasions involving four minors females, (named as Girls 1, 2, 3, and 4 in the Information under

Cause No. 1:11-CR-33-JMS-KPF), as well as, a minor male, (named as Boy 1 in the Information under Cause No. 1:11-CR-33-JMS-KPF), all under the approximate age of 5 years. The youngest victim of the Defendant was two months of age when he produced the material. All the victims are residents of Indiana. The Defendant stated that he utilized publically available file sharing software and e-mail to distribute child pornography, including the child pornography he produced himself. During the interview, the Defendant identified several folders on his computer that contained the child pornography he produced.

To produce the visual depictions involving Girl 1, Girl 2, Girl 3, Girl 4, and Boy 1, the Defendant used digital cameras integrated into HTC and LG brand cellular telephones and other devices. The devices the Defendant used to produce the images were manufactured outside of the State of Indiana and moved in interstate commerce. The Defendant then stored these images and videos in computers and computer storage devices at his residence.

Over the course of several weeks, the Defendant's computers, cellular telephones, and a large amount of digital storage devices were forensically examined. The forensic exam uncovered approximately eleven images of Girl 1 engaged in sexually explicit conduct that were produced by the Defendant on or around November 2, 2008. Approximately 63 images were identified of Girl 2 engaged in sexually explicit conduct that were produced by the Defendant on November 14, 2008, November 18, 2008, December 22, 2009, February 9, 2010, April 15, 2010, July 18, 2010, July 20, 2010, August 3, 2010, August 13, 2010, August 29, 2010, August 30, 2010, September 9, 2010, and December 7, 2010. Approximately four images were identified of Girl 3 engaged in sexually explicit conduct that were produced by the Defendant on December 1, 2008. Approximately 138 images and one video were identified of Girl 4 engaged in sexually

explicit conduct which were produced by the Defendant on April 13, 2010, April 22, 2010, May 19, 2010, July 7, 2010, July 8, 2010, July 13, 2010, July 14, 2010, August 12, 2010, August 13, 2010, August 14, 2010, August 16, 2010, August 24, 2010, August 26, 2010, August 30, 2010, and October 25, 2010. Approximately nine images were identified of Boy 1 engaged in sexually explicit conduct which were produced by the Defendant on April 8 and July 6, 2010.

Each of the images of Girl 1-4 and Boy 1 were produced by the Defendant within the Southern District of Indiana.

During the course of his interview with law enforcement on December 17, 2010, the Defendant also stated that he utilized publically available file sharing software and e-mail to distribute child pornography, including the child pornography he produced himself. A further investigation of the Defendant's activities on the Internet showed that the Defendant was among a large group of individuals exchanging with one another images of minors engaged in sexually explicit conduct. The images exchanged by the group were primarily focused upon minors less than five years of age. The group used several methods to exchange these images, including attaching images to emails to one another, emailing one another concerning information and links to websites hosting child pornography, engaging in peer-to-peer file transfers of child pornography, and sharing information and software on remotely accessing portions of one another's computers to allow the trading of child pornography files. The group discussed the trading of child pornography, as well as the sexual abuse of children.

The group conspired with one another to distribute and receive child pornography, as well as to share notices and advertisements of where child pornography could be obtained. Though members of the group had been in contact with one another individually for some time, group

communications to those within the group, or relating to such messages, began on or about October 8, 2009, and continued until at least January 17, 2011.

During the time period that the Defendant was a member of the group, he received images of minors engaged in sexually explicit conduct from other members of the group that were directed to all of the members of the group, or related to communications to the members of the group, through the internet, a facility of interstate and foreign commerce, on November 19 and 23, 2009, December 11, 12 (two occasions), and 23, 2009, January 6 and 19, 2010, March 3 and 5, 2010, May 1, 3 (three separate occasions), 19 (four separate occasions) and 28, 2010, and September 9, 2010. The November 23, 2009, communication contained images of minors engaged in sexually explicit conduct produced by the Defendant within the Southern District of Indiana that had been previously distributed to the sender of the communication. During the time period that the Defendant was a member of the group, the Defendant sent images of minors engaged in sexually explicit conduct to other members of the group, through the internet, a facility of interstate and foreign commerce, on December 23, 2009, and September 9, 2010.

During the time period that the Defendant was a member of the group, he received messages to the entire group, or messages relating to such group messages, through the internet, a facility of interstate and foreign commerce, and such messages contained notices and advertisements of where or how child pornography could be accessed or continually received. The Defendant received such messages on May 19, 2010, June 2 and 23, 2010, July 10, 2010, and January 17, 2011.

During the entire time period that the Defendant was a member of the group, he was within the Southern District of Indiana.

Respectfully submitted,

JOSEPH H. HOGSETT
United States Attorney

By: _____
Steven D. DeBrota
Assistant United States Attorney

_____
A. Brant Cook
Assistant United States Attorney

_____
DAVID RYAN BOSTIC
Defendant

_____
William Marsh
Counsel for Defendant