UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID RYAN BOSTIC, )<br>      Petitioner, )<br>            )<br>  v.             )<br>            )<br>UNITED STATES OF AMERICA, )<br>      Respondent. ) | Case No. 1:14-cv-0242-JMS-DML |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of David Ryan Bostic ("Mr. Bostic") for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

*Background*

On February 23, 2011, Mr. Bostic was charged in a twenty-nine count multi-defendant Indictment filed in the Southern District of Indiana in Cause No. 1:11-cr-27-02- WTL-MJD. Mr. Bostic and others were charged in Count 1 with conspiracy to distribute and receive child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). Count Two charged Mr. Bostic and others with conspiracy to commit sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(d) and (e). Counts 3-24 charged Mr. Bostic and others with distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Counts 25-29 charged Mr. Bostic and others with sexual exploitation of children, in violation of 18 U.S.C. § 2251(d).

On February 28, 2011, Mr. Bostic was charged in a thirty-seven count Information in Cause No. 1:11-cr-33-01-JMS-KPF. Counts 1-36 charged Mr. Bostic with sexual exploitation of children in violation of 18 U.S.C. §§ 2251(a) and (e). Count 37 charged Mr. Bostic with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The victims ranged in age from 2 months to four years of age.

On April 5, 2011, in both cases, Mr. Bostic filed a Petition to Enter a Plea of Guilty. On that same date, a Plea Agreement was filed pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) that provided Mr. Bostic would plead guilty to Counts 1-29 of the Indictment in Cause No. 1:11-cr-27-02-WTL-MJD and Counts 1-37 of the Information in Cause No. 1:11-cr-33-01-JMS-KPF. Plea Agreement ¶ 1. The Plea Agreement provided that Mr. Bostic understood that the determination of his sentence was within the discretion of the Court; the Court may impose consecutive sentences for each of the crimes charged in the Information and Indictment; the parties did not agree to a specific sentence or any sentencing term; all counts from the Indictment and Information would be consolidated for sentencing; restitution was mandatory; the government agreed not to bring any further criminal charges against him directly arising from, and directly related to, his sexual exploitation of minors or distribution of child pornography as charged in the Indictment and Information; this did not restrict the government from bringing further charges for any other files discovered in the future, or charges from other districts relating to any other victims or criminal offenses; and no threats, promises, or representations had been made or agreements reached other than those set forth in the agreement to induce him to plead guilty. Plea Agreement ¶¶ 14-18, 20, 23- 24.

On June 6, 2011, the parties filed a Stipulated Factual Basis. Mr. Bostic signed the Stipulated Factual Basis which provided the facts of his cases.

A change of plea hearing was held on June 6, 2011. The Court found that Mr. Bostic was fully competent and able to enter an informed plea; the plea was being made knowingly and voluntarily; and the plea was supported by an independent basis in fact containing each of the essential elements of the offenses charged. The Court accepted the Plea Agreement and adjudged Mr. Bostic guilty as charged as to all counts in the Indictment and Information.

On November 22, 2011, the Court sentenced Mr. Bostic to a total of 255 years in prison in 1:11-cr-33-01-JMS-KPF, and 60 years in 1:11-cr-27-02-WTL-MJD, to be served consecutively and to be followed by a lifetime of supervised release. Mr. Bostic was also assessed a total mandatory assessment of $6,600 for both cases. Judgment of conviction was entered on December 8, 2011.

On December 9, 2011, after consulting with Mr. Bostic, his counsel filed a notice of appeal from the sentences. Subsequently, counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967). Mr. Bostic, disagreeing with his counsel's assessment, filed contentions pursuant to Cir. Rule 51(b). On June 7, 2012, the Seventh Circuit Court of Appeals dismissed the appeal. *See United States v. Bostic*, 491 Fed.Appx. 731 (7th Cir. June 7, 2012) (unpublished). Mr. Bostic's motion for rehearing was denied on August 15, 2012. On January 10, 2013, Mr. Bostic filed a petition for writ of certiorari, which was denied on February 19, 2013. *See Bostic v. United States*, 133 S. Ct. 1297 (2013). His petition for rehearing was denied on April 15, 2013. *See Bostic v. United States*, 133 S. Ct. 1861 (2013).

On February 18, 2014, Mr. Bostic filed in each of his cases identical motions for post-conviction relief pursuant to 28 U.S.C. § 2255. The United States has responded and Mr. Bostic has replied.

*Discussion*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Mr. Bostic's claims are stated in various ways and he combines them in his discussions. That said, the Court discerns Mr. Bostic's claims of ineffective trial counsel as: 1) inducing him to plead guilty based on false pretenses and bad advice; 2) failing to challenge jurisdiction; 3) failing to challenge Fourth Amendment violations; and 4) failing to challenge all improper sentencing enhancements. Mr. Bostic further alleges that appellate counsel was ineffective for failing to raise each of these issues on appeal. He also brings other related stand alone claims that the United States did not have jurisdiction to prosecute Mr. Bostic; the search of his computer hardware violated his Fourth Amendment rights; he was denied his due process right to a merits review on appeal; the district court's use of the sentencing guidelines violated his due process rights and Congress' intent; his sentence of 315 years was cruel and unusual punishment in violation of the Eighth Amendment; and his guilty plea was not voluntary, intelligent and knowing. The United States argues that all of Mr. Bostic's § 2255 claims lack merit.

*Ineffective Assistance of Counsel Claims*

The right to effective assistance of counsel is violated when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). For Mr. Bostic to establish that his "counsel's assistance was so defective as to require reversal" of his conviction, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687. "To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, our review of an attorney's performance

is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014) (internal quotation omitted).

To establish prejudice, a petitioner must "show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable." *Id.* (internal quotation omitted). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Id.*

Mr. Bostic's first claims are that counsel was ineffective by inducing him to plead guilty. He alleges that he pled guilty based on counsel's promise that Mr. Bostic would receive a 30-40 year sentence and all other charges would be dropped. He also contends that counsel advised him to plead guilty when the Court did not have jurisdiction to convict him or accept his guilty plea. He contends that therefore his guilty plea was not knowing and voluntary or intelligently made. Mr. Bostic concedes, as he must, that he did testify under oath during the plea colloquy that he understood the proceedings and was promised nothing. Transcript of Plea Hearing, 1:11-cr-0027-2; dkt. 193; 1:11-cr-33 dkt. 66.  Mr. Bostic also testified that he was "fully satisfied with the counsel, representation, and advice given to [him] in this case by Mr. Marsh." Transcript of Plea Hearing, at p. 7. ("Yes, Your Honor."). The Court carefully questioned Mr. Bostic concerning his understanding of the charges against him and the terms of the plea agreement.

Court:  "Did you have an opportunity to read and discuss the plea agreement with [counsel] before you signed it?

Mr. Bostic:  "Yes."

Court:  "And the plea agreement that you have entered into represent[s] the complete understanding that you have with the Government?"

Mr. Bostic: "Yes."

Court: "In other words, are there any promises that are contained, that were made and in any other place to get you to enter the plea?"

Mr. Bostic: "No."

Court: "Do you understand the terms of the plea agreement?"

Mr. Bostic: "Yes."

Court: "Has anyone made any – anyone, not just the Government, anyone made any promise or assurance that is not in the plea agreement to persuade you to accept the agreement?"

Mr. Bostic: "No, Your Honor."

Court: "Has anyone threatened you in any way to persuade you to accept the plea agreement?"

Mr. Bostic: "No, Your Honor."

Pp. 7-8.; Transcript of Plea Hearing.

The Court asked Mr. Bostic whether he understood that each offense charged in Counts 1 through 36 of the Information contained a sentencing range of 15 to 30 years, a fine of up to $250,000, and a term of supervised release for up to life. Mr. Bostic responded that he did understand. *Id.* at p. 11. The Court further asked Mr. Bostic whether he understood that Count 37 of the Information had a penalty range of 0 to ten years. Mr. Bostic replied "Yes, Your Honor." *Id.* at 12. The Court asked Mr. Bostic whether he understood that Count 1 of the Indictment had a penalty range of 5 to 20 years, that Count 2 of the Indictment had a penalty range of 15 to 30 years, Counts 3 through 24 each had a sentencing range of 5 to 20 years, and Counts 25 through 29 had a range of 15 to 30 years. *Id.* at pp. 13- 17. Mr. Bostic responded to each question that he did, in fact, understand. *Id.* The Court continued questioning Mr. Bostic until it was satisfied that Mr.

Bostic understood that he was facing a maximum of 1,730 years, or what would amount to be a life sentence. *Id.* at pp. 18-22. Mr. Bostic again responded under oath that he understood the maximum penalties he faced. *Id.* at p. 22.

Mr. Bostic now asserts that he perjured himself at the change of plea hearing and that such perjury was suborned by counsel for the common scheme of a specific sentence. He alleges that counsel told him that he and the prosecution and the Court had made a "secret deal" whereby he would receive no more than 40 years total. He further alleges that at sentencing he was then told that the Court would use the Guidelines, but that they could appeal. Mr. Bostic states even now, however, that although he was not aware that he would receive 315 years, he did understand that he could receive 315 to 1700 years if he went to trial.

Mr. Bostic is attempting to have his guilty plea vacated without having filed such a motion before he was sentenced. Similar to the defendant in *Thompson v. United States,* 732 F.3d 826, 830 (7th Cir. 2013), the defendant "never moved to withdraw his guilty plea, nor did he mention any deals in his various opportunities to address the district court directly." "Because the defendant's statements given under oath during the plea colloquy are presumed to be true, he bears a heavy burden of persuasion in showing that a 'fair and just reason' for withdrawing the guilty plea exists." *United States v. Redmond,* 667 F.3d 863, 870 (7th Cir. 2012); *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001) ("The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant satisfies a heavy burden of persuasion.") (internal quotation omitted). "Judges need not let litigants contradict themselves so readily; a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." *United States v. Peterson,* 414 F.3d 825, 827 (7th Cir. 2005); *see also United States v. Purnell,*

701 F.3d 1186, 1190-91 (7th Cir. 2012) ("We may reject out of hand, absent a compelling explanation, factual allegations that depend on the defendant having committed perjury at a plea hearing.").

Although Mr. Bostic states now that (previously undisclosed) advice was given that he relied on, he still testified that no one pressured him to plead guilty or promised him anything to induce his plea. Every defendant dissatisfied with a sentence after being informed of the maximum penalties and pleading guilty cannot be allowed to conjure up his own "perjury" in an effort to get a "do over." The strong presumption of truthful testimony by Mr. Bostic when the Court is questioning the validity of a guilty plea demands far more than Mr. Bostic now simply saying that he perjured himself. As is obvious, the Court's colloquy with Mr. Bostic relating to the potential penalties defeats any suggestion that the Court had accepted some "secret deal" of a specific sentence. The Plea Agreement provides that "[t]he parties have not agreed upon a specific sentence or any sentencing term." Plea Agreement, ¶ 18. The defendant signed the Plea Agreement, the Final Provision of which is ¶ 24:

> The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce him to plead guilty. This document is the complete and only plea agreement between the defendant, the United States Attorney for the Southern District of Indiana, and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

*Id.*

Even giving Mr. Bostic's claim as much leniency as possible, any alleged inducement to plead guilty was superseded by the Plea Agreement. By its terms, the Plea Agreement cannot be modified unless it is done in writing and signed by all parties and filed with the Court or raised in open court. Mr. Bostic did nothing along these lines, and he never sought to withdraw his plea

agreement. His claim of inducement now asserted in an attempt to support a claim of ineffective assistance of counsel is meritless. The record is plain that Mr. Bostic's guilty plea was knowing and voluntary and cannot be undone simply because Mr. Bostic wants a lower sentence.

With respect to counsel's performance in this case, in his sentencing memorandum, counsel urged the Court to impose a sentence of no more than 15 years. At sentencing, counsel urged the Court to not impose what would amount to be a life sentence and to, instead, allow Mr. Bostic to be released after serving a shorter sentence and receive treatment. This is exactly what counsel referred to in an email recounting that he told Mr. Bostic that the PSR recommended a life sentence, but counsel would do all he could to persuade the judge to impose a lower sentence. Counsel informed Mr. Bostic that he would ask for a sentence of between 15 and 30 years. Email dated July 19, 2011; dkt. 28-2; 1:14-cv-0242. Given the horrific facts of the case and the maximum potential sentence of over 1700 years, counsel did the best he could. As stated when sentencing Mr. Bostic, the Court did not seek to treat him as a "throw away human being;" rather, the Court's intention was protection for the victims. Sentencing Hearing, p. 95. The number of victims and the number of times the children were exploited did not justify a minimum sentence. *Id.* at p. 96. "This sentence reflects the severity of the offenses, protects the most vulnerable member[s] of the public, promotes respect for the law, and provides just punishment." *Id.* at p. 99. Mr. Bostic has shown no ineffectiveness of counsel with respect to the sentences he received.

On another related claim, Mr. Bostic argues that counsel was ineffective when he gave "bad advice" to plead guilty instead of moving to quash the indictment for lack of jurisdiction. He argues that the United States does not have constitutional authority to prosecute non-economic activity and that interstate commerce does not reach into purely local activity. He relies on *United States v. Maxwell,* 546 U.S. 801 (2005) which vacated and remanded a judgment in an Eleventh

Circuit case, *United States v. Maxwell,* 386 F.3d 1042 (11th Cir. 2004). On remand, the Eleventh Circuit reversed its earlier finding that a portion of the Child Pornography Prevention Act of 1996, 18 U.S.C. § 2252A(a)(5)(B), was unconstitutional as applied to a defendant charged with possession of child pornography on which the computer floppy disks were manufactured outside the State of Florida and had been mailed, shipped or transported in interstate commerce. *United States v. Maxwell,* 446 F.3d 1210 (11th Cir. 2006). The Supreme Court's Commerce Clause holding in *Gonzales v. Raich,* 545 U.S. 1 (2005) required the Eleventh Circuit to reverse its earlier decision and like the Fourth Circuit before it, it concluded that even wholly intrastate production and possession of child pornography substantially affected interstate commerce. *Maxwell,* 446 F.3d at 1219. The Eleventh Circuit held that "18 U.S.C. § 2252A is a valid exercise of Congress's authority pursuant to the Necessary and Proper Clause to effectuate Congress' power to regulate commerce among the several states." *Id.*

Therefore, the case law cited by Mr. Bostic actually defeats his own claim that the district court lacked subject matter jurisdiction over his prosecution. *See also United States v. Tenuto,* 593 F.3d 695, 698 (7th Cir. 2010) (the statute § 2252A "broadly proscribes transportation of child pornography by using the phrase 'any means' affecting interstate commerce," which "places no limit on the conduct that can satisfy the statute.") (internal quotations and citations omitted). Indeed, this contention can be dismissed summarily because Mr. Bostic's conduct was not even purely local. He was charged with distributing child pornography images to individuals around the United States and world. In sum, Mr. Bostic's claim that counsel was ineffective by failing to challenge jurisdiction is frivolous.[1]

---

[1] Of further import is the Seventh Circuit's holding in *United States v. Kincaid,* 571 F.3d 648, 653-54 (7th Cir. 2009), in which it confirms that challenges to convictions that bear an insufficient nexus to interstate commerce are not "jurisdictional." *Id.* Rather, they are "jurisdictional only in the shorthand sense that without that [interstate commerce] nexus, there can be no federal crime….It is not jurisdictional in the

Mr. Bostic next argues that counsel was ineffective by failing to investigate Fourth Amendment violations and failing to move to suppress evidence. He alleges that no warrant was obtained to search his computer, the subsequent warrant did not establish probable cause, the search and seizure at his home was the product of unlawful detention, an officer misrepresented the evidence to a magistrate judge to obtain warrants, and statements and information were obtained by force, threat, intimidation, and deception. These alleged Fourth Amendment claims are baseless because Mr. Bostic admitted to the facts underlying the charges which led to his convictions.

In addition, to establish ineffective assistance for failure to investigate a defense, "the defendant must make a comprehensive showing of what the investigation would have produced." *Granada v. United States,* 51 F.3d 82, 85 (7th Cir. 1995) (internal quotation omitted). Here, Mr. Bostic has not presented specific facts showing that counsel failed to conduct an adequate investigation and even if he had, he cannot show that had counsel challenged the search warrant, the outcome would have been different. Absent prejudice, this claim of ineffective assistance fails.

Mr. Bostic's next claim is that counsel failed to challenge sentence enhancements. He contends that he was never advised until during sentencing that his sentence could be enhanced. Mr. Bostic also argues in a stand alone claim that his sentence of 315 years constituted cruel and unusual punishment in violation of the Eighth Amendment. He cannot show prejudice in this regard because he was made aware of the maximum penalties he faced as evidenced by the Petition

---

sense that it affects a court's subject matter jurisdiction, i.e., a court's constitutional or statutory power to adjudicate a case, here authorized by 18 U.S.C. § 3231." *Id.* at 653 (internal quotation omitted).

to Plead Guilty and the Plea Agreement, his discussions with counsel concerning the recommendations in the PSR, and his plea colloquy with the Court.

In determining whether a sentence violates the Eighth Amendment, courts consider "1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions." *United States v. Nigg,* 667 F.3d 929, 938 (7th Cir. 2012) (internal quotation omitted). "The first factor is a threshold factor; if an inference of gross disproportionality is not established, the analysis ends there." *Id.* On appeal, the Seventh Circuit Court of Appeals noted that "[a]ny sentence that is within a correctly calculated guidelines range receives a rebuttable presumption of reasonableness…." *United States v. Bostic,* 491 Fed.Appx. at 732. The court acknowledged that 315 years is "obviously an extremely stiff sentence for a non-capital offense" but "the present record does not give us a reason to question the district judge's detailed explanation for why Bostic deserves this level of punishment." *Id.* "[C]hallenging the sentence's substantive reasonableness would be frivolous." *Id.* Mr. Bostic's claims of ineffective assistance relating to sentencing are meritless.

With respect to his claim that counsel was ineffective on appeal, Mr. Bostic must demonstrate that counsel "ignored significant and obvious issues." *Blake v. United States,* 723 F.3d 870, 888 (7th Cir. 2013). "For an attorney's performance to be considered ineffective on such grounds, it must be shown that the neglected issues are clearly stronger than the arguments that actually were raised on appeal." *Id.* (internal quotation omitted). Mr. Bostic does not point to any significant and obvious issues that were ignored. Rather, Mr. Bostic's claim is that counsel on appeal denied him the full adversarial process. Contrary to this suggestion, the *Anders* process is not an improper "escape hatch." Attorneys do not err when, faced with nothing but frivolous

arguments on appeal, they file an *Anders* brief. *See United States v. Sura,* 511 F.3d 654, 663 (7th Cir. 2007). Counsel in this case reasonably determined that there were no viable claims to bring on appeal and he was not ineffective in deciding to move to withdraw the appeal.

    *Stand Alone Claims*

Mr. Bostic's additional claims challenging his sentence, the Court's jurisdiction, Fourth Amendment violations, and the voluntariness of his guilty plea have been disposed of in the context of his ineffective assistance of counsel claims. The Court discerns that this resolves all of Mr. Bostic's claims.

Even if the Court had not discussed the substance of the non-ineffective assistance claims, on appeal, the Seventh Circuit considered whether there were any procedural errors at sentencing and whether the sentences were reasonable. To the extent any of Mr. Bostic's claims other than the ineffective assistance of counsel claims were not brought on appeal, they are procedurally defaulted because "claims cannot be raised for the first time in a § 2255 motion if they could have been raised at trial or on direct appeal." *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009). "A claim that has been procedurally defaulted ordinarily may only be raised in a § 2255 proceeding if the defendant demonstrates that he is 'actually innocent,' or that there is 'cause' and actual prejudice." *Torzala v. United States,* 545 F.3d 517, 522 (7th Cir. 2008); *Fuller v. United States,* 398 F.3d 644, 648 (7th Cir. 2005) (a claim cannot be raised for first time under § 2255 unless petitioner demonstrates good cause for failing to raise it on direct appeal and actual prejudice). Mr. Bostic has not shown actual innocence or cause and prejudice for any procedural default. There was no error with respect to any of these free standing claims.

*Denial of Hearing*

Mr. Bostic did not request an evidentiary hearing. Nonetheless, the Court acknowledges that an evidentiary hearing is "not required when the files and records of the case conclusively show that the prisoner is entitled to no relief." *Lafuente v. United States,* 617 F.3d 944, 946 (7th Cir. 2010) (internal quotation omitted); *see also* 28 U.S.C. § 2255(b). That is the case here. A hearing is not warranted under these circumstances.

*Conclusion*

The foregoing shows that Mr. Shea is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ′ 2255 Proceedings*, and 28 U.S.C. ′ 2253(c), the Court finds that Mr. Bostic has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**This Entry shall also be entered on the docket in the underlying criminal action, No. 1:11-cr-0033-JMS-KPF-1.**

**IT IS SO ORDERED.**

Date: December 7, 2015

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

David Ryan Bostic
#09828-028
USP Tucson
Inmate Mail/Parcels
P. O. Box 24550
Tucson, AZ  85734